IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

**MARK DUBARRY,**

          Petitioner,

vs.

**UNITED STATES OF AMERICA,**

          Respondent.

**MEMORANDUM DECISION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Case No. 2:16-CV-260-DAK

The Honorable Dale A. Kimball

      This matter is before the court on Petitioner Mark Dubarry's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. On August 27, 2009, Mr. Dubarry and several co-defendants were named in a four-count indictment charging, *inter alia*, Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and possession of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). On November 2, 2009, under the terms of a signed "Statement By Defendant in Advance of Plea of Guilty," Mr. Dubarry pleaded guilty to Hobbs Act robbery and possession of a firearm during a crime of violence and agreed to waive his appellate and collateral review rights. The other counts against him were ultimately dismissed.

      In exchange for his plea, the Government agreed to recommend a sentence of 180 months' imprisonment. The court accepted the plea, and, on January 5, 2010, sentenced Mr. Dubarry to 180 months' imprisonment followed by 60 months' supervised release. Mr. Dubarry did not file a direct appeal.

      On March 22, 2016, Mr. Dubarry placed in the prison mailing system a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Mr. Dubarry's motion argues that the decision by the United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015),

which held that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague, applies to the residual clause in 18 U.S.C. § 924(c). Therefore, Mr. Dubarry argues that his sentence based on Count II should be vacated and that he should be resentenced.

As an initial matter, Mr. Dubarry's waiver of collateral review rights is valid and enforceable, but an exception to the waiver exists when the petitioner is claiming that the agreed-upon sentence imposed by the court was unconstitutional or otherwise unlawful. The Tenth Circuit has held that waivers of the right to collaterally attack a sentence are valid and enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001) ("[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."). But there is an exception to the rule when the agreement is unlawful. *Cockerham*, 237 F.3d at 1183 ("Such agreements waiving the right [to collateral attack] are subject to certain exceptions, including where the agreement . . . is otherwise unlawful.").

Even though Mr. Dubarry's petition is not barred by his waiver of collateral review rights, his petition is barred by the statute of limitations and fails on the merits. "A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Under 28 U.S.C. § 2255, a prisoner in custody can move the court to vacate, set aside, or correct a sentence if the sentence was unconstitutional, illegal, in excess of the maximum authorized by law, or otherwise subject to collateral attack. A one-year statute of limitation applies to motions brought under § 2255.

> The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion

> created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Judgment in Mr. Dubarry's underlying criminal case was entered on January 6, 2010. Mr. Dubarry had 30 days to file an appeal, which he chose not to do. Therefore, the Judgment became final on February 6, 2010, and the one-year statute of limitations began to run. Absent an event restarting the one-year period, Mr. Dubarry would be time barred from filing a petition after February 6, 2011, which would include his § 2255 petition, filed March 31, 2016.

Mr. Dubarry argues that the Supreme Court decision in *Johnson v. United States*, decided June 26, 2015, asserted a new right that should have retroactive implications and that, therefore, restarted the one-year period per 28 U.S.C. § 2255(f)(3).

In order for the one-year period to restart under 28 U.S.C. § 2255(f)(3), the Supreme Court must newly recognize a right and make the right retroactively applicable to cases on collateral review. Although the Supreme Court recognized a new rule in *Johnson*, the Supreme Court did not expressly make that new rule retroactively applicable to cases on collateral review, and, according to the Tenth Circuit, has not even issued a "combination of Supreme Court holdings necessarily dictating retroactive application of the new rule announced in *Johnson*." *In re Gieswein*, 802 F.3d 1143, 1147 (10th Cir. 2015). Because the Supreme Court has not made the determination that the rule in *Johnson* should be applied retroactively, the *Johnson* decision does not restart the one-year period under 28 U.S.C. § 2255(f)(3). Therefore, Mr. Dubarry failed to demonstrate that the statute of limitations for his § 2255 claim should begin to run from a date other than the date the Judgment

in his underlying criminal case became final. Accordingly, Mr. Dubarry's § 2255 petition is time barred.

Even if this court were to consider Mr. Dubarry's petition on its merits, the petition fails. Because the language in the 18 U.S.C. § 924(c)(3)(B) residual clause, which Mr. Dubarry pleaded guilty to, is similar to the language in the ACCA 18 U.S.C. § 924(e)(2)(B)(ii) residual clause, which the Supreme Court found to be unconstitutionally vague, Mr. Dubarry argues that the § 924(c)(3)(B) residual clause is also unconstitutionally vague and unenforceable. However, a key difference in the application of the two residual clauses renders Mr. Dubarry's argument invalid.

The relevant portions of the ACCA increase a defendant's punishment if that defendant "has three previous convictions . . . for a violent felony . . . committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The residual clause of the ACCA provides that, for purposes of the statute, a violent felony "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Because, by its very terms, the ACCA requires a court to look to past convictions, the court must "assess whether a crime qualifies as a violent felony 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'" *Johnson v. U.S.*, 135 S. Ct. 2551, 2557 (2015) (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008)). This "categorical approach" to determining whether a previous conviction was violent is what the Supreme Court found to be unconstitutionally vague. *See Johsnon*, 135 S. Ct. at 2557.

In contrast to the ACCA, 18 U.S.C. § 924(c) increases the punishment of "any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime,

possesses a firearm." 18 U.S.C. § 924(c)(1)(A). The associated residual clause includes within the definition of a crime of violence any felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). Instead of looking to past convictions, the § 924(c)(3)(B) residual clause looks "to separate offenses charged in the same case." *United States v. Checora*, No. 2:14CR457DAK, 2015 WL 9305672, at *8 (D. Utah Dec. 21, 2015). Instead of using the categorical approach to determine if a past conviction was violent, the court is able to look to the actual conduct of a defendant in an open case before the court. The Supreme Court in *Johnson* recognized that application of a crime-of-violence residual clause to "real-world conduct" does not suffer from the same constitutional deficiencies as application of a similar residual clause to past convictions. "As a general matter, we do not doubt the constitutionality of laws that call for the application of a qualitative standard . . . to real-world conduct." *Johnson*, 135 S. Ct. at 2561. Because of these significant differences between the application of the ACCA's residual clause and the residual clause in § 924(c)(3)(B), "the court agrees with [its] fellow district courts that nothing in the Supreme Court's *Johnson* decision requires this court to find § 924(c)(3)(B)'s residual clause unconstitutionally vague." *Checora*, No. 2:14CR457DAK, 2015 WL 9305672, at *9; *see also United States v. Prickett*, No. 3:14-CR-30018, 2015 WL 5884904, at *2 (W.D. Ark. Oct. 8, 2015).

Because *Johnson* does not render the § 924(c)(3)(B) residual clause unconstitutionally vague, Mr. Dubarry's sentence based on that clause does not need to be vacated, and Mr. Dubarry is not entitled to be resentenced.

Pursuant to Rule 11 of the Rules Governing § 2255 Proceedings for the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters

a final order adverse to the applicant." Under 28 U.S.C. § 2253, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005) (quoting 28 U.S.C. § 2253(c)(2)). The court finds that "reasonable jurists could not debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The court concludes that Mr. Dubarry has not made a substantial showing of the denial of a constitutional right and, therefore, declines to issue a certificate of appealability. If Mr. Dubarry wishes to appeal the court's ruling on his motion, he must seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

For the reasons above, Mr. Dubarry's motion under 28 U.S.C. § 2255 is DENIED and DISMISSED WITH PREJUDICE because it is barred by the statute of limitations and lacks merit.

DATED this 8th day of April, 2016.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge